IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00790-WYD-MEH

CAPITOL RECORDS, INC., a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware corporation;
UMG RECORDINGS, INC., a Delaware corporation;
BMG MUSIC, a New York general partnerhsip;
ARISTA RECORDS LLC, a Delaware limited liability company;
PRIORITY RECORDS LLC, a California limited liability company;
SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership;
INTERSCOPE RECORDS, a California general partnership;
ATLANTIC RECORDING CORPORATION, a Delaware corporation;
VIRGIN RECORDS AMERICA, INC., a Califorina corporation;
ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation;
MOTOWN RECORD COMPANY, L.P., a California limited partnerhsip; and
LAFACE RECORDS LLC, a Delaware limited liability company;

Plaintiff(s);

v.

DOES 1-10,

Defendant(s).

## EX PARTE ORDER ON EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs have filed an Ex Parte Application for Leave to Take Immediate Discovery (Docket #2) ("Ex Parte Application"). This motion has been referred to this Court by District Judge Wiley Y. Daniel (Docket #8). In their motion and supporting brief, Plaintiffs seek leave of Court in advance of a Rule 26(f) conference to conduct immediate but limited discovery with regard to a third-party Internet Service Provider ("ISP") for purposes of allowing the Plaintiffs to determine the true identities of the Doe Defendants in this copyright infringement action. For the reasons stated below, the Court **grants** the Ex Parte Application.

**I.     Facts**

Plaintiffs allege copyright infringement against ten Doe Defendants for distribution and/or duplication of copyrighted sound recordings owned or controlled by the Plaintiffs via an online media distribution system, without the Plaintiffs' authorization and in violation of federal copyright laws. At this time, the Plaintiffs are only able to identify the Defendants by their Internet Protocol ("IP") addresses.  Therefore, the Plaintiffs seek leave of court to undertake expedited discovery to obtain identifying information from the Defendants' Internet Service Provider ("ISP") prior to the time authorized for such discovery as provided by the Federal Rules of Civil Procedure.  Specifically, the Plaintiffs desire to serve a Rule 45 subpoena upon the ISP which has been identified for the Defendants, to obtain documents identifying each of the Defendants' true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses).

**II.    Discussion**

Discovery prior to a Rule 26(f) conference may be permitted in the discretion of the Court upon a showing of good cause. *See Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).  In this case, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit without the information they are seeking. Plaintiffs have proposed narrowly tailored discovery which will ultimately permit them to serve process if possible and move forward with this lawsuit, by use of a Rule 45 subpoena served upon the Defendants' ISP.  Accordingly, the relief sought by the Plaintiffs shall be granted.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Ex

Parte Application for Leave to Take Immediate Discovery [Filed April 18, 2007; Docket #2] is **granted** as follows:

1. Plaintiffs are authorized to serve the subpoena they have requested upon the ISP identified for the Defendants, seeking information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2. Any information disclosed to Plaintiffs in response to the subpoena may be used by the Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act, as set forth in the Complaint.

3. Plaintiffs shall serve a copy of this Order along with the subpoena.

4. No directive set forth herein abrogates the protections afforded to the ISP under Fed.R.Civ.P. 45(c).

Dated at Denver, Colorado, this 30th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge